Henry A. Gabathuler
Cameron S. Reuber *(to be admitted pro hac vice)*
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023

*Attorneys for Defendants Amscan Holdings, Inc.,*
*Amscan, Inc., Party City Holdings, Inc. and*
*Party City Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

VON ERICKSON LABORATORIES LLC,

*Plaintiff*,

v.

AMSCAN HOLDINGS INC., AMSCAN
INC., ALMAR SALES CO., INC., CLAIRE'S,
INC., CLAIRE'S STORES, INC., CLAIRE'S
BOUTIQUES, INC., TARGET
CORPORATION, TARGET STORES, INC.,
TARGET BRANDS, INC., PARTY CITY
HOLDINGS, INC., and PARTY CITY
CORPORATION,

*Defendants*.

Case No.: 2:17-cv-03916-JMV-JBC

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Amscan Holdings, Inc., Amscan, Inc., Party City Holdings, Inc., and Party City Corporation (collectively, "Party City Defendants"), by and through their undersigned counsel, as and for their Answer and Affirmative Defenses to Plaintiff Von Erickson Laboratories LLC's ("Plaintiff") Complaint, respond and state as follows:

1

{00715/609603-000/01784691.1}

## ANSWER

1.      Party City Defendants admit the allegation in Paragraph 1 of the Complaint as to the nature of the Complaint, but deny each and every other allegation made therein.

2.      Party City Defendants are without knowledge to confirm or deny the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3.      Party City Defendants are without knowledge to confirm or deny the allegations contained in Paragraph 3 of the Complaint as to the other Defendants in this action and therefore deny the same.

## JURISDICTION AND VENUE

4.      Party City Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Party City Defendants understands the allegations in Paragraph 5 of the Complaint to be legal conclusions to which no response is required. To the extent that a response is required, Party City Defendants are without knowledge to confirm or deny the allegations contained in Paragraph 5 and therefore deny the same.

6.      Party City Defendants understands the allegations in Paragraph 6 of the Complaint to be legal conclusions to which no response is required. To the extent that a response is required, Party City Defendants are without knowledge to confirm or deny the allegations contained in Paragraph 6 and therefore deny the same.

## THE PARTIES

7.      Party City Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore deny the same.

8.      Party City Defendants admit the allegations in Paragraph 8 of the Complaint, but for the infringement allegation which they remain without knowledge to confirm or deny and therefore deny the same.

2

{00715/609603-000/01784691.1}

9.      Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore deny the same.

10.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore deny the same.

11.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny the same.

12.     Party City Defendants admit the allegations in Paragraph 12 of the Complaint, but for the infringement allegation which they remain without knowledge to confirm or deny and therefore deny the same.

## VON ERICKSON'S COPYRIGHTS

13.     Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  Party City Defendants deny all remaining allegations in paragraph 13 of the Plaintiff's Complaint.

14.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny the same.

## VON ERICKSON'S BUSINESS

15.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore deny the same.

16.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore deny the same.

17.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore deny the same.

{00715/609603-000/01784691.1}

18.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore deny the same.

CLAIRE'S UNLAWFUL ACTS

19.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny the same.

20.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore deny the same.

21.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore deny the same.

TARGET'S UNLAWFUL ACTS

23.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore deny the same.

24.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore deny the same.

25.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore deny the same.

PARTY CITY'S UNLAWFUL ACTS

26.    Party City Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Party City Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Party City Defendants deny the allegations in Paragraph 28 of the Complaint.

<u>AMSCAN'S UNLAWFUL ACTS</u>

29.     Party City Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Party City Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Party City Defendants deny the allegations in Paragraph 31 of the Complaint.

<u>ALMAR'S UNLAWFUL ACTS</u>

32.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore deny the same.

33.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore deny the same.

34.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore deny the same.

<u>PLAINTIFF'S FIRST CAUSE OF ACTION</u>

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE
BY CLAIRE'S NECKLACE COPY)

35.     Party City Defendants repeat their responses to Paragraphs 1 through 34 as if fully set forth herein.

36.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore deny the same.

37.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore deny the same.

38.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore deny the same.

39.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore deny the same.

{00715/609603-000/01784691.1}

40.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore deny the same.

41.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore deny the same.

42.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore deny the same.

43.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore deny the same.

<u>PLAINTIFF'S SECOND CAUSE OF ACTION</u>

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE
BY CLAIRE'S BRACELET COPY)

44.     Party City Defendants repeat their responses to Paragraphs 1 through 43 as if fully set forth herein.

45.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore deny the same.

46.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore deny the same.

47.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore deny the same.

48.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore deny the same.

49.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore deny the same.

{00715/609603-000/01784691.1}

50.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore deny the same.

51.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore deny the same.

52.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore deny the same.

<u>PLAINTIFF'S THIRD CAUSE OF ACTION</u>

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE BY TARGET)

53.     Party City Defendants repeat their responses to Paragraphs 1 through 52 as if fully set forth herein.

54.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore deny the same.

55.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore deny the same.

56.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore deny the same.

57.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore deny the same.

58.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore deny the same.

59.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore deny the same.

{00715/609603-000/01784691.1}

60.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and therefore deny the same.

61.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore deny the same.

<u>PLAINTIFF'S FOURTH CAUSE OF ACTION</u>

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE BY PARTY CITY)

62.     Party City Defendants repeat their responses to Paragraphs 1 through 61 as if fully set forth herein.

63.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and therefore deny the same.

64.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     Party City Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     Party City Defendants deny the allegations in Paragraph 70 of the Complaint.

{00715/609603-000/01784691.1}

PLAINTIFF'S FIFTH CAUSE OF ACTION

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE BY AMSCAN)

71.     Party City Defendants repeat their responses to Paragraphs 1 through 70 as if fully set forth herein.

72.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and therefore deny the same.

73.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     Party City Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.     Party City Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     The allegations in Paragraph 80 are redundant in light of Paragraph 78 of the Complaint. Party City Defendants repeat their response to Paragraphs 78 as if fully set forth herein.

81.     The allegations in Paragraph 81 are redundant in light of Paragraph 79. Party City Defendants repeat their response to Paragraphs 79 as if fully set forth herein.

{00715/609603-000/01784691.1}

<u>PLAINTIFF'S SIXTH CAUSE OF ACTION</u>

(COPYRIGHT INFRINGEMENT OF LARGE BLOOD DRIP NECKLACE BY ALMAR)

82.    Party City Defendants repeat their responses to Paragraphs 1 through 81 as if fully set forth herein.

83.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and therefore deny the same.

84.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and therefore deny the same.

85.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and therefore deny the same.

86.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and therefore deny the same.

87.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and therefore deny the same.

88.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and therefore deny the same.

89.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and therefore deny the same.

90.    Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and therefore deny the same.

{00715/609603-000/01784691.1}

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses, Party City Defendants allege as follows:

### First Affirmative Defense

91.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

92.     Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of estoppel.

### Third Affirmative Defense

93.     Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

### Fourth Affirmative Defense

94.     Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of acquiescence and/or laches.

### Fifth Affirmative Defense

95.     Plaintiff is not entitled to any of the relief requested in the Complaint because it sustained no injury or damages.

### Sixth Affirmative Defense

96.     Plaintiff is not entitled to any of the relief requested in the Complaint because it failed to comply with the marking statute.

### Seventh Affirmative Defense

97.     Plaintiff is not entitled to any relief requested in the Complaint because it comes to court with unclean hands.

{00715/609603-000/01784691.1}

Eighth Affirmative Defense

98.     No liability can exist for copyright infringement or any related claims in this case because the copyrights Plaintiff alleges have been infringed are invalid, void and unenforceable, in whole or in part. Among other things, a reasonable opportunity for further investigation or discovery is more than likely to provide evidentiary support for, *inter alia*, the following:

> (a) Plaintiff's registration claims material that is not original or not protectable and that is in the public domain; and/or
> (b) Plaintiff's registration claims material that was originally developed by persons or entities other than Plaintiff.

Ninth Affirmative Defense

99.     Defendants have not infringed and are not liable for the infringement of the purported copyrights that Plaintiff asserts in this action, *inter alia*, because Defendants did not copy any purported constituent original and protectable elements of any of Plaintiff's purported copyrighted work.

Tenth Affirmative Defense

100.    Defendants have not infringed and are not liable for the infringement of the purported copyrights that Plaintiff asserts in this action, among other things, because there is no substantial similarity between the ideas and expression of ideas printed on the garments sold by Defendants and Plaintiff's purported copyrighted works.

Eleventh Affirmative Defense

101.    The works that Plaintiff claims have been infringed are not entitled to copyright protection on the grounds that they are in the public domain and/or do not constitute copyrightable subject matter.

Twelfth Affirmative Defense

102.    Plaintiff's claims are barred by the doctrine of merger.

{00715/609603-000/01784691.1}

Thirteenth Affirmative Defense

103.    Each and every purported claim for relief is barred, in whole or in part, by Plaintiff's fraud or deception in the copyright registration process, as set forth under 17 U.S.C. § 411, et al.

Fourteenth Affirmative Defense

104.    The design in question is not original to the Plaintiff and the design at issue and/or substantially similar designs were created and existed years before the alleged copyrighted design.

Fifteenth Affirmative Defense

105.    Plaintiff is barred from recovery, in whole or in part, because Plaintiff would be unjustly enriched if it is permitted to recover.

106.    Sixteenth Affirmative Defense

107.    If Plaintiff suffered any damages, which the Defendants deny, Defendants are informed and believe, and on that basis, allege that Plaintiff failed to discharge its duty to mitigate damages.

Seventeenth Affirmative Defense

108.    Defendants deny infringement or that the substantial similarities, if any, between the Subject Design represent artistic subject matter protectable under the U.S. Copyright Act and related jurisprudence.  Any alleged use of Subject Design is, at most, *de minimis* and therefore not actionable.

Eighteenth Affirmative Defense

109.    Plaintiff ratified the conduct of which it complains.

13

{00715/609603-000/01784691.1}

Nineteenth Affirmative Defense

110.    The design of which Plaintiff complains was created prior to and/or independently from and without knowledge of Plaintiff's alleged work such that Plaintiff's misuse of the purported copyright or copyrights bars, in whole or in part, each and every purported claim for relief.

Twentieth Affirmative Defense

111.    Plaintiff's each and every purported claim contained in the Complaint is barred, in whole and in part, because Defendants were privileged and justified in acting as it did for business purposes in the marketplace, protected by the privilege for competitors.

Twenty-First Affirmative Defense

112.    Plaintiff's claim lacks originality, and Plaintiff's purported designs are not original.

Twenty-Second Affirmative Defense

113.    Defendants are informed and believe and, on that basis, allege the Complaint, and each and every purported claim for relief therein, is barred, in whole or in part, because Plaintiff, through its own conduct, statement, actions, or omissions, impliedly and/or expressly, granted Defendants, other Defendants in this action, or non-parties to this action a license to hold, use, reproduce, distribute, or sell the materials, works, designs, or products against which Plaintiff asserts its purported copyright or copyrights in this action.

Twenty-Third Affirmative Defense

114.    Defendants reserves the right to rely on any and all judicially recognized defenses under the U.S. Copyright Act, Title 17 U.S.C. § 101 et seq., and all amendments and revisions thereto, including defects in Plaintiff's copyright registration and/or underlying applications.

{00715/609603-000/01784691.1}

## ADDITIONAL AFFIRMATIVE DEFENSE

115.    Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Party City Defendants pray for judgment against Plaintiff as follows:

A.    An Order declaring that:

   i.    Defendants have not infringed any valid Copyrights owned by Plaintiff;
   ii.   Plaintiff is not entitled to any recovery for any conduct by Defendants;
   iii.  Plaintiff is not entitled to any recovery for any conduct by anyone in privity with Party City Defendants;
   iv.   Plaintiff, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Party City Defendants or anyone in privity with them with respect to any conduct alleged by Plaintiff.

B.    An award to Party City Defendants of attorneys' fees and costs incurred in connection with this action pursuant to 17 U.S.C. § 505.

C.    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Party City Defendants demand a jury trial on all issues so triable by jury.


Dated:   September 5, 2017
         White Plains, New York          Respectfully submitted,

                                          _____
                                          Henry Gabathuler
                                          Cameron Reuber *(to be admitted pro hac vice)*
                                          LEASON ELLIS LLP

15

{00715/609603-000/01784691.1}

One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Gabathuler@LeasonEllis.com
Email: Reuber@LeasonEllis.com

*Attorneys for Defendants*
*Amscan Holdings, Inc., Amscan, Inc.,*
*Party City Holdings, Inc. and*
*Party City Corporation*

16

## <u>CERTIFICATE OF SERVICE</u>

I, Henry Gabathuler, hereby certify that on September 5, 2017, a true and correct copy of the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES was served via operation of the Court's ECF filing system, upon all counsel of record.

_____

Henry Gabathuler

{00715/609603-000/01784691.1}